# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| SHERRY HAINES, Next of Kin of Deceased, SCOTT HAINES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, et al. | ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 3:18-cv-01258

Chief Judge Crenshaw
Magistrate Judge Brown

JURY DEMAND

## AGREED PROTECTIVE ORDER

The Court finds that the parties desire that an Agreed Protective Order be entered in this action allowing the Defendant Metropolitan Government to provide all parties with video footage that depicts the interior of a Davidson County Sheriff's Office facility. The Parties hereby agree that if there is a dispute as to the subject matter of this Order, this Court has jurisdiction to resolve the dispute.

This Agreed Protective Order is intended to protect the video footage, as it is required to and/or may be maintained by the Metropolitan Government in a confidential manner, pursuant to Tenn. Code Ann. § 10-7-504(m)(1)(E), which states:

> (m) (1) Information and records that are directly related to the security of any government building shall be maintained as confidential and shall not be open to public inspection. For purposes of this subsection (m), "government building" means any building that is owned, leased or controlled, in whole or in part, by the state of Tennessee or any county, municipality, city or other political subdivision of the state of Tennessee. Such information and records include, but are not limited to:
>
> (E) Surveillance recordings, whether recorded to audio or visual format, or both, except segments of the recordings may be made public when they include an act



or incident involving public safety or security or possible criminal activity. In addition, if the recordings are relevant to a civil action or criminal prosecution, then the recordings may be released in compliance with a subpoena or an order of a court of record in accordance with the Tennessee rules of civil or criminal procedure. The court or administrative judge having jurisdiction over the proceedings shall issue appropriate protective orders, when necessary, to ensure that the information is disclosed only to appropriate persons. Release of any segment or segments of the recordings shall not be construed as waiving the confidentiality of the remaining segments of the audio or visual tape.

Based on the foregoing, it appears to the Court that this Agreed Protective Order is warranted and acceptable. Therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The video footage produced by the Metropolitan Government shall be deemed confidential and be subject to the requirements of this Agreed Protective Order. The video footage shall not be disclosed, except as otherwise permitted by this Order.

2. The parties and their counsel are prohibited from using or disclosing the video footage for any purpose other than in the present action.

3. The video footage shall not be disclosed, divulged, revealed, described, transmitted or otherwise communicated to any other person without the prior written consent of Metro except to:

a) the parties in this cause who have agreed to be bound by this Agreed Protective Order;

b) counsel of record of the parties in this cause who have agreed to be bound by this Agreed Protective Order;

(c) a member or employee of the law firm of record for any of the parties in this cause who have agreed to be bound by this Agreed Protective Order, and only to the extent such person is performing work in connection with this case and only to the extent necessary to perform such work;

(d) expert witnesses and non-testifying consulting experts retained by counsel of record

for parties in this cause who have agreed to be bound by this Agreed Protective Order and only to the extent necessary to prosecute or defend this case;

 (e) a witness but only during depositions, hearings, or at trial;

 (f) the Court or court personnel;

 (g) the jury empaneled to hear this cause; and

 (h) court reporters transcribing proceedings in this action.

 4. Upon final disposition of this cause, whether by trial, appeal, settlement, or other final conclusion, the video footage produced pursuant to this Agreed Protective Order, including copies, shall be returned to the attorneys of record for the Defendant Metropolitan Government within thirty (30) days after notice is received of such final disposition of this cause, and until such time, all provisions of this Agreed Protective Order will remain in full force and effect.

 5. This Agreed Protective Order shall remain in full force and effect until the final disposition of this cause, whether by trial, appeal, settlement, or other final conclusion, until modified, superseded or terminated by order of this Court, and it does not prejudice the right of any party to seek such modification by Court order.

 6. It is understood and agreed that this Agreed Protective Order shall in no way constitute a waiver of the right of any party to this action to raise or assert any objections to, including but not limited to, defenses or objections as to any privilege or as to the relevancy, admissibility or authenticity of the video footage.

It is so **ORDERED**:

**ENTERED**, this 25th day of October 2019.

/S/ Joe B. Brown
Joe B. Brown
USMJ

APPROVED FOR ENTRY:

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WM. MICHAEL SAFLEY, #6690
ACTING DIRECTOR OF LAW

/s/ Keli J. Oliver
Keli J. Oliver (#21023)
Melissa Roberge (#26230)
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
keli.oliver@nashville.gov
melissa.roberge@nashville.gov
*Attorneys for Metropolitan Government*

LEWIS, THOMASON, KING, KRIEG &
WALDROP, P.C.

/s/ Susan W. Carey
Susan W. Carey, BPR #13996
scarey@lewisthomason.com
Alaina M. Beach, BPR #33823
abeach@lewisthomason.com
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
(615) 259-1366
*Attorneys for Wellpath, LLC and Calista Doll*

/s/ Tiffany D. Hagar
ERIC L. PHILLIPS, #027980
TIFFANY D. HAGAR, #029190
Hagar & Phillips, PLLC
*Attorneys for Plaintiff*
207 University Avenue

Lebanon, TN 37087
(615) 784-4588
(615) 784-4590
ephillips@hplawtn.com
thagar@hplawtn.com

/s/Rebecca C. Blair
Rebecca C. Blair (B.P.R. No. 017939)
THE BLAIR LAW FIRM
1608 Westgate Circle
Suite 100
Brentwood, TN 37207
(615) 953-1122
rblair@blair-law.com
*Attorney for Defendant Michael Harvey*

s/ John M.L. Brown
John M.L. Brown
810 Dominican Drive, Suite 206
Nashville, Tennessee 37228
(615) 242-3348
jmlb@jmlblaw.com
*Attorney for Seth Vaughn*